(February 29, 1996)

■ EDDIE A. HARPER et al., Respondents, v ST. LUKE'S HOSPITAL et al., Appellants, et al., Defendants. ST. LUKE'S HOSPITAL et al., Third-Party Plaintiffs-Respondents-Appellants, v STUART OSTER, Third-Party Defendant-Appellant-Respondent. [638 NYS2d 621] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 31, 1992, which, *inter alia*, denied the motion of defendant and third-party defendant Stuart Oster for summary judgment dismissing the third-party complaint and denied the cross-motion of defendants and third-party plaintiffs for summary judgment dismissing the complaint, unanimously affirmed, without costs.

It is alleged that physicians discovered meconium in the amniotic fluid of Jennifer Denise Harper during the birth of her daughter Tara Nicole Harper at defendant and third-party

plaintiff St. Luke's Hospital ("hospital"); defendant and third-party defendant Oster, an attending obstetrician on call at the time, was notified of this event; Dr. Oster assented to a proposal that the Harper infant be delivered vaginally so long as labor progressed quickly and the fetal heartbeat remained steady; defendant and third-party plaintiff Giegis, a hospital obstetrics resident, subsequently delivered the infant vaginally. In the principal action, plaintiffs seek damages for, *inter alia*, severe brain damage and other personal injuries purportedly incurred by the infant through the failure to conduct a cesarean section upon Jennifer Harper immediately upon discovery of the meconium. In the third-party action, third-party plaintiffs seek contribution and indemnification from Dr. Oster.

Dr. Oster moved for summary judgment dismissing the complaint and the third-party complaint against him. Defendants and third-party plaintiffs cross-moved for summary judgment dismissing the complaint. In their responding papers, plaintiffs opposed the motion by defendants and third-party plaintiffs, but voluntarily discontinued their action against defendant and third-party defendant Oster.

We agree with the trial court's finding that unresolved questions of fact preclude the granting of summary judgment to movant and cross-movants. A medical affidavit provided by plaintiffs, contending that the failure to deliver the infant immediately upon discovery of the meconium was a departure from contemporary medical standards and caused the infant's injuries, raises questions of fact precluding summary judgment against Dr. Giegis or the hospital. For purposes of the third-party action, this raises additional questions to which the record provides no answer, *e.g.*, the propriety of Dr. Oster's purported assent to the plan of action, the time at which that assent was given, and the precise nature of Dr. Oster's on-call duties vis-à-vis residents and service patients at the hospital (*see, Dillon v Silver*, 134 AD2d 159 [1st Dept 1987]). Plaintiffs' voluntary discontinuation of the primary action against Dr. Oster does not diminish the significance of these latter questions in the third-party action. Given these issues, summary judgment is inappropriate at this time. Concur—Murphy, P. J., Milonas, Nardelli and Mazzarelli, JJ.